**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-1979
_____

VOCKNAL PAUL,
Petitioner

v.

ATTORNEY GENERAL OF THE
UNITED STATES OF AMERICA

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A203-608-138)
Immigration Judge: John B. Carle

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 7, 2021
Before: GREENAWAY, JR., KRAUSE and BIBAS, Circuit Judges

(Opinion filed: January 29, 2021)

_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Vocknal Paul, proceeding pro se, petitions for review of an order of the Board of Immigration Appeals (BIA) dismissing his appeal from the decision of an immigration judge (IJ) denying his application for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). For the reasons that follow, we will deny the petition for review.

In July 2019, Paul, a citizen of Haiti, was placed in removal proceedings for being present without admission or parole, and as an applicant for admission who lacked a valid entry document. See 8 U.S.C. §§ 1182(a)(6)(A)(i), 1182(a)(7)(A)(i)(I). Paul admitted the allegations; conceded removability; and applied for asylum, withholding of removal, and CAT relief.

The IJ denied all relief after a hearing at which Paul testified about the loss of his parents in the devastating earthquake of 2010 and his other experiences, including an attack in which he was stabbed and robbed as a homeless youth on the streets of Haiti. Although the IJ found Paul's testimony credible, he ruled that Paul was not entitled to asylum or withholding of removal because the group "Haitian homeless" did not meet the particularity requirement for a social group because it was "vast, diffuse, and amorphous." (IJ Op. at 7). The IJ explained that such a group "would encompass individuals of any gender, any age and persons from varying backgrounds in Haiti and varying capacities to change their situation," and noted as an example that "an individual

could be homeless as a result of economic circumstances, illness or fractured family ties."

(Id.).[1] The IJ also ruled that the experiences Paul described did not constitute torture under the CAT standard.

The BIA summarily affirmed and dismissed the appeal. Paul filed a timely petition for review to this Court.[2]

We have jurisdiction to review final orders of the BIA pursuant to 8 U.S.C. § 1252. "If the BIA summarily affirms an IJ's order, we review the IJ's decision as the final administrative determination." En Hui Huang v. Att'y Gen., 620 F.3d 372, 379 (3d Cir. 2010) (citation omitted). We review the agency's findings of fact for substantial evidence, considering whether it is "supported by reasonable, substantial, and probative evidence on the record considered as a whole." Balasubramanrim v. INS, 143 F.3d 157, 161 (3d Cir. 1998) (internal quotation marks and citation omitted). The decision must be affirmed "unless the evidence not only supports a contrary conclusion, but compels it." Zubeda v. Ashcroft, 333 F.3d 463, 471 (3d Cir. 2003) (internal quotation marks and citation omitted).

---

[1] The IJ also ruled that even if "Haitian homeless" constituted a cognizable social group, Paul had failed to establish a nexus between membership in that group and the harm he suffered, or the harm that he fears suffering upon his return to Haiti.

[2] The Government argues that Paul failed to challenge the IJ's ruling regarding the particularity requirement for a social group in his appeal to the BIA and in this appeal, and thus that this issue is unexhausted and forfeited. However, based on our review of Paul's briefs, we conclude that he indeed raised this issue both before the BIA and in this Court, and therefore we will address the merits.

3

To make out a prima facie case for asylum, Paul must show that he was persecuted, or has a well-founded fear of persecution, "on account" of a statutorily protected ground, including "race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A); 8 C.F.R. § 1208.13. Paul sought asylum on the basis of his membership in the purported particular social group of "Haitian homeless." To be cognizable, a particular social group must be "'(1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question.'" S.E.R.L. v. Att'y Gen., 894 F.3d 535, 540 (3d Cir. 2018) (quoting In re M-E-V-G-, 26 I. & N. Dec. 227, 237 (BIA 2014)).[3]

The IJ did not err in holding that the group Haitian homeless did not meet the particularity requirement to be a cognizable social group because it was vast, diffuse, and amorphous. See S.E.R.L., 894 F.3d at 552 (explaining that "particularity" standard requires the group to have "discrete and definable boundaries that are not amorphous, overbroad, diffuse, or subjective") (quotation marks and alteration omitted); Escobar v. Gonzales, 417 F.3d 363, 368 (3d Cir. 2005) (concluding that "[p]overty, homelessness and youth are far too vague and all encompassing to be characteristics that set the

_____

[3] The determination of whether a proffered particular social group exists is a mixed question of law and fact. S.E.R.L., 894 F.3d at 542-43. We exercise plenary review over "the ultimate legal question" as to whether a particular social group exists and review for substantial evidence the underlying factual findings. Id. at 543.

perimeters for a protected group").[4]  Furthermore, because Paul failed to meet his burden for establishing an entitlement to asylum, he also failed to establish the higher burden required for withholding of removal.  See Lukwago v. Ashcroft, 329 F.3d 157, 182 (3d Cir. 2003).

Finally, with regard to his CAT claim, Paul was required to show that "it is more likely than not" that he would be tortured "by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity," if he were removed.  See 8 C.F.R. §§ 1208.16(c)(2), 1208.18(a)(1); Sevoian v. Ashcroft, 290 F.3d 166, 174-75 (3d Cir. 2002).  "Torture is an extreme form of cruel and inhuman treatment and does not include lesser forms of cruel, inhuman or degrading treatment or punishment that do not amount to torture."  8 C.F.R. § 1208.18(a)(2).  The IJ correctly held that Paul's past experiences in Haiti, including the single occurrence of being the victim of a violent robbery with a financial objective, did not amount to torture.  Cf. Shardar v. Ashcroft, 382 F.3d 318, 324 (3d Cir. 2004) (concluding that the BIA did not err in determining that petitioner, who was "severely beaten" while in police custody, was not tortured).  Moreover, the IJ correctly held that Paul failed to establish a likelihood that he would be tortured if he returned to Haiti.

---

[4] Paul argues in his brief that the IJ "erred" in relying on Escobar because the IJ in Escobar made an adverse credibility determination.  Although this factual distinction is correct, it does not help Paul because in Escobar the BIA held that "even if Escobar testified credibly, 'Honduran street children' did not constitute a 'particular social group for purposes of asylum and withholding of removal,'" 417 F.3d at 365, and that is the

5

Accordingly, we will deny the petition for review.